IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,346-01 & -02






EX PARTE TOMMY JOE BOLDEN, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 16,545-A & 16,558-A IN THE 42
ND DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of a motor vehicle and
burglary of a habitation, and sentenced to twenty years' imprisonment for each conviction. He did not
appeal his convictions. 

 Applicant contends that he is being denied credit for time spent on parole or mandatory supervision
prior to revocation. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Correctional Institutions
Division and Parole Division to file affidavits listing Applicant's sentence begin dates and the dates of
issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory
supervision. The affidavits should state whether Applicant is serving a sentence for, or has previously been
convicted of, an offense listed in Tex. Gov't. Code § 508.149(a) at the time of Applicant's revocations.
The affidavits should also address how much time was remaining on these sentences on the date Applicant
was released on parole or mandatory supervision, and how much time Applicant spent on release before
the issuance of the parole-revocation warrants. The affidavits should state whether Applicant is receiving
credit for any of the time he spent on parole or mandatory supervision. Finally, the affidavits should indicate
whether Applicant has submitted his claims to the time credit resolution system of TDCJ, and if so, the date
when his claims were submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim. Proc. Art.
26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly exhausted his
administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial court shall then
make findings as to whether Applicant is eligible to earn street time credit, and if so, whether he is entitled
to credit for his time spent on release. The trial court shall also make findings as to whether Applicant is
receiving the proper amount of credit for that time. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: October 3, 2007

Do not publish